UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VINCENT LAROBINA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　Defendant. | No. 3:10-cv-01279 (MPS) |

MEMORANDUM OF DECISION

**I.      INTRODUCTION**

Plaintiff Vincent Larobina's Second Amended Complaint brought fourteen claims against Defendant Wells Fargo Bank, N.A., arising in part out of Defendant's debt-collection phone calls to Plaintiff's home.  In an Order entered on March 27, 2012 [Doc. # 69], the Court dismissed all of Plaintiff's claims except for Count Thirteen, which alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, based on a violation of the Creditors' Collection Practices Act, Conn. Gen. Stat. § 36a-785 ("CCPA").  Currently pending before the Court are the parties' cross motions for summary judgment on Count Thirteen [Doc. ## 107 and 117] and Plaintiff's Motion for Sanctions [Doc. # 128].  Familiarity with the underlying factual record and summary judgment briefing is assumed for purposes of this decision.

Because I find that Plaintiff has failed to provide sufficient evidence to allow a reasonable jury to conclude that he suffered an "ascertainable loss" under CUTPA, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.  Plaintiff's Motion for Sanctions—which refers to the Defendant's alleged failure to

disclose certain material in discovery—is DENIED AS MOOT because I do not rely upon any such material in resolving the motions for summary judgment.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). Summary judgment is appropriate if, after discovery, the nonmoving party "failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Id.* at 323.

## III.  DISCUSSION

CUTPA, which prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," Conn. Gen. Stat. § 42-110b, provides that an action to recover actual damages can be brought by "[a]ny person who suffers any *ascertainable loss* of money or property, real or personal, as a result of" a practice prohibited by the act. *Id.* § 42-110g(a) (emphasis added). "The ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." *Marinos v. Poirot*, 208 Conn. 706, 713 (2003). "Thus, to be entitled to any relief under CUTPA, a plaintiff must first prove that he has suffered an ascertainable loss due to a CUTPA violation." *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, 287 Conn. 208, 218 (2008) (internal quotation marks and citation omitted). Although the ascertainable loss

requirement does not require "a precise dollars and cents figure," *Hinchliffe v. Am. Motors Corp.*, 184 Conn. 607, 618 (1981), it does require a "deprivation, detriment [or] injury that is capable of being discovered, observed or established." *Marinos*, 308 Conn. at 713. Defendant argues that Plaintiff has failed to produce sufficient evidence to prove that he suffered an "ascertainable loss" within the meaning of CUTPA, and that his CUTPA claim fails as a result. I agree.

None of Plaintiff's alleged injuries constitute an "ascertainable loss" under C.G.S. § 42-110g(a). The first type of injury upon which Plaintiff relies is emotional distress. Plaintiff testified in his deposition that he suffered annoyance, aggravation, and concern because of repeated debt-collection calls by Defendant. The Appellate Court of Connecticut has recently concluded, however, that a claim of "emotional distress does not constitute an ascertainable loss of money or property for purposes of CUTPA." *Di Teresi v. Stamford Health System, Inc.*, 149 Conn. App. 502, 510-12 (2014) (also noting that a "clear majority has emerged" among Superior Court decisions finding that emotional distress or injury is not an ascertainable loss under CUTPA). Thus, Plaintiff's evidence of emotional distress does not by itself meet the "ascertainable loss" requirement.

In an affidavit attached to his opposition to the Motion for Summary Judgment, Plaintiff avers that the emotional distress caused by Defendant's conduct has "on occasion triggered the symptoms associated with [his] medical conditions," and that he has had to spend a "significant and material amount of money" on over-the-counter medication to counteract the symptoms. (Aff. of Vincent Larobina [Doc. # 116-2] at ¶ 16.) Yet in his deposition, Plaintiff testified that, other than the costs he incurred in filing the instant lawsuit (which the Court will address below), he did not incur any out-of-pocket costs because of Defendant's conduct:

3

> Q: Other than [emotional harm], did you suffer any other harm as a result of the calls?
>
> A: What other harm can there be?
>
> Q: Well, did you have any monetary harm?
>
> A: Did I have any monetary –
>
> Q: Harm.
>
> A: Harm. I don't think so.
>
> . . .
>
> Q: Did you pay any money out-of-pocket as a result of Wells Fargo's harassing phone calls?
>
> A: Sure. I had to file a lawsuit.
>
> Q: Other than a lawsuit?
>
> A: No, I don't think so.

(Def.'s Rule 56(a) Stmt. [Doc. # 109] at ¶ 4.)

"The Second Circuit follows the rule that a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Ferraresso v. Town of Granby*, 646 F. Supp. 2d 296, 301 (D. Conn. 2009) (internal quotation marks and citations omitted); *see also Mack v. United States*, 814 F.2d 120, 124 (2d Cir.1987) ("It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment."). Here, Plaintiff clearly conceded in his deposition that he did not suffer any monetary loss other than the costs of filing this case; then, in response to the motion for summary judgment, he contradicted that testimony through an affidavit. The portion of Plaintiff's affidavit in which he testified to out-of-pocket medical

4

costs—for which he provided no other support such as invoices or cancelled checks—is therefore disregarded. Accordingly, Plaintiff's evidence of emotional distress fails to satisfy the ascertainable loss requirement.

Plaintiff also argues that the deprivation of his rights under the CCPA, by itself, constitutes an ascertainable loss under C.G.S. § 42-110g(a). Plaintiff cites no authority for this proposition, and the Court is not aware of any. Like emotional distress, the deprivation of a statutory right, by itself, does not result in a loss of money or property that is "measurable," even if imprecisely. *See Di Teresi*, 149 Conn. App. at 510 (distinguishing *Hinchcliffe* and holding that a patient's loss of the "reasonable expectation that she would be safe from harm" is not an ascertainable loss because it is not measurable; patient did not claim "any actual monetary or physical loss"). The ascertainable loss requirement would be transformed into a trivial "threshold barrier" and provide almost no "limit [on the] class of persons who may bring a CUTPA action," *Marinos*, 208 Conn. at 713, if any deprivation of legal rights satisfied the test.

Plaintiff next argues that he can show ascertainable loss based on a theory that he lost the benefit of his bargain with Defendant. This argument is based on the language of Plaintiff's mortgage note, which contains a term that requires Plaintiff and Defendant to comply with "applicable law." According to Plaintiff, when Defendant violated the CCPA and CUTPA, it violated the mortgage note and plaintiff lost the benefit of his bargain. The Court is not persuaded by this argument. First, there is no evidence that the relevant contract provision was something Plaintiff "bargained for" or otherwise considered material, and such a generic promise to comply with "applicable law" has the ring of boilerplate. Second, Defendant was required to comply with "applicable law" regardless of whether the contract so stated. In Connecticut, "a promise to do something which the promisor is already legally obligated to do does not

5

constitute consideration sufficient to support a valid contract." *Jackson v. Water Pollution Control Authority*, 278 Conn. 692, 707 n.13 (2006).  Thus, the generic promise that Defendant would comply with applicable law conferred no benefit on the Plaintiff, and the failure to comply with that promise entailed no ascertainable loss to him.

The *Hinchliffe* case relied upon by Plaintiff is distinguishable.  Plaintiff cites *Hinchliffe* for the proposition that "[w]henever a consumer receives something other than what he bargained for, he has suffered a loss of money or property." *Hinchliffe*, 184 Conn. at 614.  But that statement was made in a factual context in which plaintiff "purchased an item partially *as a result of* an unfair or deceptive practice or act and that the item is different from that for which he bargained." *Id.* at 614 (emphasis added).  More specifically, the plaintiff in *Hinchliffe* had purchased a truck advertised as "full-time four-wheel drive," but the truck was not in fact full-time four-wheel drive; the unfair practice, therefore, was the false advertising and the ascertainable loss was the absence of full-time four-wheel drive. *Id.* at 611.  Here, by contrast, there is no evidence that Plaintiff entered into the mortgage agreement as a result of an unfair trade practice.  Further, in this case, the alleged ascertainable loss and the unfair trade practice are one and the same; in other words, the deprivation of Plaintiff's rights under the CCPA constitutes, in Plaintiff's view, both the ascertainable loss and the unfair trade practice.  But the plain language of the statute forecloses that argument. Section 42-110g(a) permits "[a]ny person who suffers any ascertainable loss of money or property, real or personal, *as a result of* the use or employment" of an unfair trade practice to sue for damages and other relief.  As these words suggest, the unfair trade practice must proximately cause the ascertainable loss, meaning not only that one must be separate from the other but that they must stand in a causal relationship to each other.  *Abrahams v. Young & Rubicam, Inc.*, 240 Conn. 300, 306 (1997) (holding that

CUTPA requires a plaintiff to separately establish *both* that the defendant engaged in a prohibited act and that as a result of this act, plaintiff suffered ascertainable loss). Plaintiff's argument that failure to comply with the CCPA constitutes both unfair trade practice *and* ascertainable loss impermissibly conflates these independent requirements and fails to take account of the causal relationship between them. Accordingly, the "benefit-of-the-bargain" theory approved in *Hinchliffe* does not apply.[1]

Plaintiff also argues that he satisfies the "ascertainable loss" requirement because he incurred costs in connection with filing this lawsuit. (Pl.'s Opp'n [Doc. # 116] at 12 ("To contest the alleged unlawful conduct by Wells, the plaintiff not only incurred costs in filing and litigating the law suit; but incurred costs in preparation for filing it.")). But under CUTPA, "[t]he moving party must prevail on the CUTPA cause of action before such fees and damages must be awarded." *Vezina v. Nautilus Pools, Inc.*, 27 Conn. App. 810, 821 (1992). Plaintiff's argument puts the cart before the horse. Moreover, if costs associated with initiating litigation satisfied the "ascertainable loss" requirement, every plaintiff would satisfy this "threshold" requirement just by filing a lawsuit. The Court declines to adopt this argument because doing so would read the

---

[1] Plaintiff also relies on *Jomarron v. Nasco Enterprises, Inc.*, 2005 WL 2231863 (D. Conn. Aug. 4, 2005) to support his "benefit of the bargain" argument. In *Jomarron*, the court concluded that the plaintiff, who received debt collection calls from an unlicensed debt collector in violation of federal law, satisfied the ascertainable loss requirement of CUTPA. To support this conclusion, the *Jomarron* court cited *Gervais v. Riddle & Associates, P.C. ("Gervais I")*, 363 F. Supp. 2d 345. 356–58 (D. Conn. 2005), without any discussion or analysis, and added the following parenthetical: "holding . . . that the plaintiff had established an 'ascertainable loss' for purposes of CUTPA by alleging that the defendant's conduct, which violated the FDCPA, deprived him of the benefit of his bargain with MBNA that any attempt by MBNA or its successor in interest to collect upon his consumer credit account would be in accordance with federal and state law." *Jomarron*, 2005 WL 2231863, at *1. The decision in *Gervais I* was later vacated, however, after the defendant sought reconsideration of the ruling, and although the court did not find it necessary to revisit the precise conclusion cited in *Jomarron* because it vacated on other grounds, it did cast doubt on the relevant conclusion. *See Gervais v. Riddle & Associates, P.C.*, 479 F. Supp. 2d 270, 279-80 (D. Conn. 2007) ("Plaintiff's contractual interpretation of CUTPA's 'ascertainable loss' requirement implicates many difficult issues regarding the interaction of the FDCPA, CUTPA, and Connecticut contract law. However, the Court does not need to reach most of these issues because upon reconsideration it finds that Plaintiff's argument is inapplicable to the facts of the instant case."). It is also worth noting that *Jomarron*, because it concerned the amount damages to be awarded following entry of default judgment, was decided in the defendant's absence. In light of the fact that the holding in *Gervais I* was vacated, and the fact that *Jomarron* was decided in the absence of an objection, I do not find that *Jomarron* provides helpful guidance in this case.

ascertainable loss requirement out of CUTPA altogether.  Further, *Hill v. Navy Federal Credit Union*, 2011 WL 6934713, at *2 (Conn. Super. Ct. 2011), which is cited by Plaintiff, is not helpful because it does not specify which out-of-pocket expenses plaintiff "spent to stop [the defendant's] allegedly illegal conduct." *Id.*  The cases cited in *Hill* are inapposite because they involved out-of-pocket costs that were not associated with litigation. *See, e.g.*, *Bump v. Robbins*, 24 Mass. App. Ct. 296, 312 (1987) (plaintiff incurred travel expenses and charges for long-distance telephone calls in connection with his efforts to sell his business).

On a final note, the Court's conclusion that Plaintiff has failed to provide sufficient evidence to raise a genuine issue of fact on ascertainable loss is consistent with this Court's March 27, 2012 Order denying the motion to dismiss with respect to Plaintiff's CUTPA claim. Defendant did not raise the ascertainable loss issue in its motion to dismiss.  Although the Court concluded that Plaintiff "suffered, at the very least, annoyance as a result of these calls and therefore was harmed by them," the Court reached this conclusion in the context of analyzing whether Plaintiff pled sufficient facts to show a violation of the CCPA; the Court was not discussing the ascertainable loss requirement of CUTPA. (Mem. of Decision [Doc. # 59] at 19-20.)  Later, the Court concluded that the pleadings satisfied the third prong of the so-called "cigarette rule" for determining whether a particular practice violates CUTPA, *i.e.*, whether the practice "causes substantial injury." (*Id.* at 21.)  Whether a practice causes substantial injury, however, is a different question than whether Plaintiff suffered an ascertainable loss within the meaning of Section 42-110g(a); indeed, if it were otherwise, the Connecticut Supreme Court's adoption of the "cigarette rule" as the standard for assessing whether conduct is "unfair" under CUTPA—of which the "substantial injury" inquiry is a part—would have rendered the ascertainable loss requirement superfluous.  Finally, to the extent the Court concluded that

Plaintiff's annoyance by itself satisfied the ascertainable loss requirement, as discussed above, that conclusion would be inconsistent with the Connecticut Appellate Court's recent decision in *Di Teresi*, 149 Conn. App. at 512.

The only remaining motion is Plaintiff's Motion for Sanctions [Doc. # 128]. Because the Motion for Sanctions relates to portions of Defendant's evidence that I have not relied upon in deciding the motions for summary judgment, the Motion is denied as moot.

## IV. CONCLUSION

Because I conclude that Plaintiff has failed to provide sufficient evidence to allow a reasonable jury to conclude that he suffered an "ascertainable loss" within the meaning of Conn. Gen. Stat. § 42-110g(a), Defendant's Motion for Summary Judgment [Doc. # 107] is GRANTED and Plaintiff's [Doc. # 117] Motion for Summary Judgment is DENIED. Plaintiff's Motion for Sanctions [Doc. # 128] is DENIED AS MOOT. The Clerk is respectfully directed to enter judgment in favor of Defendant and to close this case.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          July 10, 2014

9